# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **MARIA CAAMANO,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**MAMMOTH MARKETING GROUP, LLC,**<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Maria Caamano ("Plaintiff" or "Caamano") brings this Class Action Complaint and Demand for Jury Trial against Defendant Mammoth Marketing Group, LLC, ("Defendant" or "Mammoth") to stop the Defendant from violating the Florida Telephone Solicitation Act ("FTSA") by making automated calls to Florida residents.

Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Maria Caamano is a resident of Florida in this District.

2. Defendant Mammoth Marketing Group, LLC is a Texas limited liability company.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d)(2)(A). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the FTSA.

4. The venue is proper under 28 U.S.C. § 1391(b) because the Defendant made the calls at issue into this District.

## BACKGROUND

The Florida Telephone Solicitations Act

5. The FTSA, Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

6. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message

2

when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

7. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

8. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## COMMON ALLEGATIONS

9. Defendant Mammoth provides Medicare supplement services.

10. To promote its services, Defendant Mammoth Pumps makes telemarketing calls to hundreds if not thousands of consumers across the U.S., including to consumers in Florida.

## PLAINTIFF CAAMANO'S ALLEGATIONS

11. Plaintiff Caamano is the subscriber and the sole user of the cellular phone number 407-xxx-4914.

12. The Plaintiff has no relationship with the Defendant and has never consented to be contacted by the Defendant.

13. Despite that, the Defendant made at least twenty calls to the Plaintiff.

14. All of the calls came from the Caller ID (386) 222-6423. The area code 386 is a Florida area code.

15. The Caller ID on that number displays "Mammoth Marketing Group".

16. The calls were made on August 10, 15, 16, 17, 18, 19, 22, 23, 24 and 25, 2022.

17. The Plaintiff did not answer the calls until August 25, 2022.

18. As the Defendant has been incessantly calling her, she asked them to no longer call her.

19. Despite that, the Defendant called her later on August 25, 2022.

20. The Plaintiff advised the Defendant on August 3, 2022 that he was not interested in receiving calls regarding their products.

21. The calls were sent with an automated system for the selection or dialing of telephone numbers as the Plaintiff answered the August 25, 2022 calls and there was a pause and audible click prior to anyone appearing on the line.

22. This audible click and pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative.

23. During the August 25, 2022 calls, the Plaintiff was offered the Defendant's services.

4

24. The Defendant offers Medicare supplement services.

25. To solicit for its services, the Defendant inquired if the Plaintiff had Medicare.

26. The Defendant asked the Plaintiff her age and zip code to attempt to qualify her for their services.

27. The unauthorized telephonic sales calls that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and occupied and otherwise disturbed the use and enjoyment of her phone.

28. Seeking redress for these injuries, Plaintiff Caamano, on behalf of herself and a class of similarly situated individuals brings suit under the FTSA.

## CLASS ALLEGATIONS

29. Pursuant to Fed. R. Civ. P. 23(b)(2) or (b)(3), the Plaintiff brings this action on behalf of the following class:

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S. (1) who received a telephonic sales call regarding Defendant's goods and/or services made from or into Florida (2) using the same equipment or type of equipment utilized to call Plaintiff (3) from July 1, 2021 through the date of trial.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

31. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

## Numerosity

32. Members of the Class are so numerous that their individual joinder is impracticable.

33. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

34. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

35. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

36. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

37. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Florida Telephone Solicitation Act, and

whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

38. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them her consent to receive such calls.

### Adequacy of Representation

39. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

40. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority

41. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

42. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

43. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

44. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

45. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

46. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**Violation of the Florida Telephone Solicitation Act,
Fla. Stat. § 501.059
On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

47. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

48. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

49. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or

8

dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

50. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

51. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

52. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

53. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

54. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a

9

minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from using an autodialer to advertise their goods or services;

B. A judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the FTSA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

DATED this 27th day of October, 2022.

PLAINTIFF, on behalf of herself

10

and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881