**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

MARIA CAAMANO, individually and
on behalf of all others similarly
situated,

                    *Plaintiff,*

    v.

MAMMOTH MARKETING GROUP,
LLC,

                    *Defendant.*

Case No.: 6:22-cv-01981-WWB-DCI

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Mammoth Marketing Group, LLC ("Mammoth"), by and through its undersigned counsel, hereby responds to the First Amended Class Action Complaint (the "Complaint") filed by Plaintiff Maria Caamano (Dkt. No. 13) as follows:

In response to the unnumbered paragraph preceding paragraph 1 of the Complaint, Mammoth admits Plaintiff seeks injunctive and monetary relief in her Complaint, but denies any actionable conduct and denies Plaintiff is entitled to any relief whatsoever. Mammoth is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the unnumbered Paragraph, and therefore denies such allegations.

## PARTIES

1.     Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies such allegations.

2.     Mammoth admits it is an Ohio limited liability company.

## JURISDICTION AND VENUE

3.     Paragraph 3 of the Complaint consists of legal conclusions, statements, and characterizations to which no response is required.  To the extent a response may be required, Mammoth admits the authority cited in paragraph 3 is the best evidence of its contents. Further, to the extent Plaintiff misquotes, misstates, or misinterprets the authority cited in paragraph 3, Mammoth denies the proposition for which such authority is cited for support. Mammoth specifically denies any actionable conduct and denies Plaintiff and the putative class is entitled to any relief whatsoever.

4.     Mammoth denies making the vaguely alleged "calls at issue" as alleged in paragraph 4 of the Complaint. The remainder of paragraph 4 consists of legal conclusions, statements, and characterizations to which no response is required.  To the extent a response may be required, Mammoth admits the authority cited in paragraph 4 is the best evidence of its contents. Further, to the extent Plaintiff misquotes, misstates, or misinterprets the authority cited in

paragraph 4, Mammoth denies the proposition for which such authority is cited for support.

## BACKGROUND

5.     Paragraph 5 of the Complaint consists of legal statements and characterizations to which no response is required. To the extent a response may be required, Mammoth admits the authorities cited in paragraph 5 are the best evidence of their contents. Further, to the extent Plaintiff misquotes, misstates, or misinterprets the authorities cited in paragraph 5, Mammoth denies the proposition for which such authorities are cited for support.

6.     Paragraph 6 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response may be required, Mammoth admits the authority cited in paragraph 6 is the best evidence of its contents. Further, to the extent Plaintiff misquotes, misstates, or misinterprets the authority cited in paragraph 6, Mammoth denies the proposition for which such authority is cited for support.

7.     Paragraph 7 of the Complaint consists of legal statements to which no response is required. To the extent a response may be required, Mammoth admits the authority cited in paragraph 7 is the best evidence of its contents. Further, to the extent Plaintiff misquotes, misstates, or misinterprets the authority cited in

paragraph 7, Mammoth denies the proposition for which such authority is cited for support.

8.    Paragraph 8 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response may be required, Mammoth admits the authority cited in paragraph 8 is the best evidence of its contents. Further, to the extent Plaintiff misquotes, misstates, or misinterprets the authority cited in paragraph 8, Mammoth denies the proposition for which such authority is cited for support. Mammoth specifically denies any actionable conduct and denies Plaintiff and the putative class is entitled to any relief whatsoever.

## COMMON ALLEGATIONS

9.    Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint as those allegations appear to be directed towards an entity referenced as "Mammoth Pumps."[1] As a result, Mammoth denies such allegations.

10.    Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint as those allegations appear to be directed towards an entity referenced as "Mammoth Pumps." As a result, Mammoth denies such allegations.

---

[1] The Complaint defines Mammoth to be "Defendant" or "Mammoth." It does not define Mammoth to be "Mammoth Pumps." *See* Complaint.

## PLAINTIFF CAAMANO'S ALLEGATIONS

11.     Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies such allegations.

12.     Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, particularly where, as here, Plaintiff fails to allege her telephone number in full. As a result, Mammoth denies such allegations.

13.     Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, particularly where, as here, Plaintiff fails to allege her telephone number in full. As a result, Mammoth denies such allegations.

14.     Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, particularly where, as here, Plaintiff fails to allege her telephone number in full. As a result, Mammoth denies such allegations.

15.     Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint,

particularly where, as here, Plaintiff fails to allege her telephone number in full. As a result, Mammoth denies such allegations.

16. Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, particularly where, as here, Plaintiff fails to allege her telephone number in full. As a result, Mammoth denies such allegations.

17. Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, particularly where, as here, Plaintiff fails to allege her telephone number in full. As a result, Mammoth denies such allegations.

18. Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, particularly where, as here, Plaintiff fails to allege her telephone number in full. As a result, Mammoth denies such allegations.

19. Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, particularly where, as here, Plaintiff fails to allege her telephone number in full. As a result, Mammoth denies such allegations.

20. Mammoth denies the allegations in paragraph 20 of the Complaint.

21.     Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, particularly where, as here, Plaintiff fails to allege her telephone number in full. As a result, Mammoth denies such allegations. The remainder of paragraph 21 consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

22.     Paragraph 22 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

23.     Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, particularly where, as here, Plaintiff fails to allege her telephone number in full. As a result, Mammoth denies such allegations.

24.     Mammoth denies the allegations in paragraph 24 of the Complaint and notes such allegations are internally inconsistent with the allegations set forth in paragraph 9 of the Complaint.

25.     Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint,

particularly where, as here, Plaintiff fails to allege her telephone number in full. As a result, Mammoth denies such allegations.

26.     Mammoth is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, particularly where, as here, Plaintiff fails to allege her telephone number in full. As a result, Mammoth denies such allegations.

27.     Mammoth denies the allegations in paragraph 27 of the Complaint.

28.     Mammoth admits Plaintiff seeks to assert a claim individually and on behalf of a putative class pursuant to the FTSA but denies this action may be properly maintained as a class action, denies any actionable conduct, and denies Plaintiff and the putative class is entitled to any relief whatsoever.

## CLASS ALLEGATIONS

29.     Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. Mammoth denies the remaining allegations, including the class definition, contained in paragraph 29 of the Complaint.

30.     Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 30 of the Complaint consists of legal conclusions and statements to

which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

31.   Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action, denies any actionable conduct, and denies Plaintiff and the putative class is entitled to any relief whatsoever.

## Numerosity

32.   Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 32 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

33.   Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action and denies the remaining allegations in paragraph 33 of the Complaint.

34.   Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 34 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

35.     Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 35 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

## Commonality

36.     Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 36 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

37.     Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 37 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

## Typicality

38.     Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 38 of the Complaint consists of legal conclusions and statements to

which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

## Adequacy of Representation

39.     Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 39 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

40.     Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 40 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

## Superiority

41.     Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 41 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

42.    Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. Mammoth is without knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint (and certainly questions the basis upon which Plaintiff can even assert such allegations), and therefore denies such allegations.

43.    Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 43 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

44.    Paragraph 44 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

45.    Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 45 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

46.    Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action. The remainder of paragraph 46 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response is required, Mammoth denies such legal conclusions and statements.

## COUNT I
### Violation of the Florida Telephone Solicitation Act
### Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class

47.    Mammoth repeats and realleges paragraphs 1 through 46 of this Answer as if fully set forth herein.

48.    Mammoth admits Plaintiff seeks to represent a putative class but denies this action may be properly maintained as a class action, denies any actionable conduct, and denies Plaintiff and the putative class is entitled to any relief whatsoever.

49.    Paragraph 49 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response may be required, Mammoth admits the authority cited in paragraph 49 is the best evidence of its contents. Further, to the extent Plaintiff misquotes, misstates, or misinterprets the authority cited in paragraph 49, Mammoth denies the proposition for which such authority is cited for support. Mammoth specifically denies any

actionable conduct and denies Plaintiff and the putative class is entitled to any relief whatsoever.

50.    Paragraph 50 of the Complaint consists of legal statements to which no response is required. To the extent a response may be required, Mammoth admits the authority cited in paragraph 50 is the best evidence of its contents. Further, to the extent Plaintiff misquotes, misstates, or misinterprets the authority cited in paragraph 50, Mammoth denies the proposition for which such authority is cited for support.

51.    Paragraph 51 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response may be required, Mammoth denies such conclusions and statements.

52.    Paragraph 52 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response may be required, Mammoth denies such conclusions and statements.

53.    Mammoth denies the allegations in paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint consists of legal conclusions and statements to which no response is required. To the extent a response may be required, Mammoth denies such conclusions and statements.

## **PRAYER FOR RELIEF**

In response to the **WHEREFORE** clause, including its subsections A

through D, following paragraph 54 of the Complaint, Mammoth admits Plaintiff seeks such relief but denies that Plaintiff is entitled to any relief whatsoever.

As to any part of the Complaint not specifically admitted, denied, or discussed with respect to Mammoth, Mammoth hereby denies said allegations, including, but not limited to, any allegations contained in the Complaint's preamble, headings, subheadings, and wherefore clause. Furthermore, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## JURY DEMAND

Mammoth hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Mammoth pleads the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject telephone calls occurred, such telephone calls were invited, permitted, consented to, and/or made pursuant to a personal or an established business relationship.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff cannot state a claim against Defendant upon which relief can be granted. Defendant did not (and does not) make telephone calls using an "automated system" for the selection and dialing of telephone numbers, particularly without the prior express written consent of the called party as Plaintiff seeks to allege in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the FTSA is unconstitutional. Specifically, the FTSA violates the Dormant Commerce Clause because the FTSA regulates or discriminates against, and unduly burdens, interstate commerce.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the FTSA is unconstitutional. Specifically, Section 8(a) of the FTSA violates the due process clause of the Fourteenth Amendment and Florida's due process guarantee because it is unconstitutionally vague.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the FTSA is unconstitutional. Specifically, Section 8(a) of the FTSA violates the First Amendment and Florida's free speech guarantee. Indeed, two closely analogous state laws in South Carolina and Arkansas have already been declared unconstitutional. *See Cahaly v. Larosa*, 796 F.3d 399 (4th Cir. 2015); *Gresham v. Rutledge*, 198 F. Supp. 3d 965 (E.D. Ark. 2016).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the FTSA is unconstitutional. Because Plaintiff attempts to have Section 8(a) of the FTSA apply to interstate telemarketing allegedly placed by Mammoth, which is alleged to be a foreign limited liability company, the statute not only is preempted by the TCPA, but also violates the Supremacy Clause of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited to the extent Plaintiff or the putative class members are not Florida residents, are not

users of a Florida-based phone number, or were not in Florida when they received the subject telephone calls. As a result, neither Plaintiff nor the putative class is within the FTSA's zone of interest.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the alleged telephone calls are not "telephonic sales call[s]" under the FTSA.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff is not a "consumer" under the FTSA.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff fails to state and cannot state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23 in that, among other things, the claim Plaintiff seeks to assert cannot be common or typical of the claims of the putative classes, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff attempts to assert.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff lacks standing to represent the members of the putative class between July 1, 2021 (the effective date of the FTSA), and August 10, 2022 (when Plaintiff allegedly received the first telephone call from or on behalf of Mammoth).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class members are not the respective owners, subscribers, registrants, or authorized users of the telephones that allegedly received the telephone call(s) at issue, and, therefore, lack standing.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of unclean hands. Plaintiff seeks out, invites, and welcomes telephone calls, including, *arguendo*, the subject telephone calls, in an effort to manufacture and pursue litigation on a class basis, not to seek compensation for damages allegedly suffered, as contemplated by statute, but rather to seek to enrich himself by seeking disproportionate payments from, here, Mammoth.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff fails to sufficiently allege that a class action is proper or appropriate, and therefore Plaintiff is not entitled to maintain this lawsuit as a collective action. Among other things, Plaintiff fails to allege, because he cannot allege, any facts to suggest there are any other members of the proposed classes. Instead, Plaintiff merely hypothesizes there may be others. Similarly, Plaintiff has not alleged, because he cannot allege, any facts to plausibly support the claim that there are common issues of fact and law, that Plaintiff's claims are typical of the proposed classes, or that Plaintiff will fairly and adequately protect the interests of the proposed classes. Rather, Plaintiff's Complaint merely parrots the requisite language without any factual insight. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality, and adequate representative requirements for this case to proceed as a class action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the alleged damages to Plaintiff and/or the putative class were caused in whole or in part by the acts or omissions of third parties over which Mammoth had and has no

control of/over, and/or by the acts or omissions of Plaintiff and/or the putative class members.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are *de minimis* and non-actionable, and any such damages are not representative and/or the same as the putative class members Plaintiff seeks to represent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because

any alleged wrongdoing by Mammoth, which Mammoth denies, was caused by mistake. Indeed, Defendant acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it acted.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class failed to mitigate their damages. Accordingly, recovery (if any) should be reduced in proportion to Plaintiff's failure to mitigate such damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for injunctive relief and/or the claims for injunctive relief of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because there is neither continuing harm nor any real and immediate danger of injury in the future to Plaintiff or the putative classes Plaintiff seeks to represent.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited to the extent Plaintiff and/or the putative class members were not the intended recipient(s) of the telephone calls.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the statutory damages provisions of the FTSA are excessive fines and/or are grossly disproportionate to any actual harm that may have been suffered. Accordingly, such statutory damages provisions violate (1) the safeguards set forth in and/or assured by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and (2) the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the subject telephone call(s) constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such telephone call(s) violates the First Amendment rights of the sender.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class lack standing to bring this action because neither suffered the requisite harm required to confer standing under Article III of the

United States Constitution. *See, e.g., Muccio v. Glob. Motivation, Inc.*, 22-81004-CIV, 2022 WL 17969922 (S.D. Fla. Dec. 27, 2022).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the non-Florida putative class members Plaintiff seeks to represent fail or otherwise are barred, in whole or part, or are limited for lack of jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017).

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in the Complaint filed by Plaintiff Maria Caamano, Defendant Mammoth Marketing Group, LLC respectfully requests this Court enter judgment as follows: (1) that Plaintiff takes nothing by virtue of the Complaint and that this Action be dismissed in its entirety; (2) that judgment be rendered in favor of Mammoth; (3) that attorneys' fees and costs incurred in this Action be awarded to Mammoth to the greatest extent permitted by applicable law; and (4) that Mammoth be awarded such further and other relief as this Court deems just and proper.

Dated: May 26, 2023.          Respectfully submitted,

By:  */s/ Lawren A. Zann*
    LAWREN A. ZANN
    Fla. Bar No. 42997
    Email: lawren.zann@gmlaw.com
    Email: gabby.mangar@gmlaw.com
    **GREENSPOON MARDER LLP**
    200 East Broward Blvd., Suite 1800
    Fort Lauderdale, Florida 33301
    Tel: (954) 527-6296
    Fax: (954) 333-4027

    *Attorneys for Mammoth Marketing Group, LLC*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on this **26th** day of May 2023, a copy of the foregoing Answer and Affirmative Defenses was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record, including: **Avi Robert Kaufman, Esq.** and **Rachel E. Kaufman**, **Esq.,** Kaufman P.A., 237 S. Dixie Hwy, 4th Floor, Coral Gables, FL 33133 (Email: kaufman@kaufmanpa.com; rachel@kaufmanpa.com), *Attorneys for Plaintiff.*

By:  */s/ Lawren A. Zann*
    LAWREN A. ZANN